# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GERALD DANIELS, | ) |
|         Petitioner, | ) |
| v. | ) Case No. 17-CV-174-TCK-FHM |
| JANET DOWLING, Warden, | ) |
|         Respondent. | ) |

## OPINION AND ORDER

Petitioner, a state prisoner appearing pro se,[1] filed a 28 U.S.C. § 2241 petition for writ of habeas corpus (Doc. 1) on April 3, 2017, and filed an amended petition on April 21, 2017 (Doc. 5).[2] Before the Court is Respondent's motion to dismiss the amended petition (Doc. 8). For the reasons discussed below, the amended petition for writ of habeas corpus shall be denied, and Respondent's motion to dismiss shall be declared moot.

## *BACKGROUND*

Petitioner is currently serving a life sentence entered in Oklahoma County District Court, Case No. CF-1988-3965 following his conviction of first degree murder.[3] Doc 5 at 1-2, 10. The Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's conviction and sentence in a

---

[1] Because Petitioner appears pro se, the Court must liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] The Court notes that the amended petition (Doc. 5) replaces and supersedes the original petition (Doc. 1). For that reason the original petition shall be declared moot.

[3] Oklahoma County is in the Western District of Oklahoma. *See* 28 U.S.C. § 116(c). But Petitioner is currently incarcerated in a facility located in Osage County, which is in the Northern District of Oklahoma. *See id.* § 116(a). Thus, the petition is properly before this Court. *See id.* § 2241(d).

decision filed on June 1, 1994. *Id*. at 2, 10-14. On June 16, 2016, Petitioner filed a third application for state post-conviction relief, asking the state district court to "'correct[] the judgment and sentencing order to specify that the number of years for the life sentence in his case is between 18 and 45 years or modify the sentence to time served.'" *Id.* at 10-11. The state district court denied relief on December 2, 2016, Petitioner filed a post-conviction appeal, and the OCCA affirmed the denial of relief on March 23, 2017.[4] *Id.* at 2-3, 10-14. In denying relief, the OCCA noted Petitioner's "multiple references to parole eligibility laws" and reasoned that Petitioner failed to "demonstrate[] how laws or regulations assigning a term of years to a life sentence for purposes of calculating parole eligibility have somehow caused his particular life sentence to become illegitimate or a violation of due process." *Id.* at 12. The OCCA further stated that "[a]bsent a prisoner receiving a commutation, a life sentence simply cannot be discharged during a prisoner's lifetime." *Id.*

In his amended petition, Petitioner alleges that his custody is unlawful on two grounds and he provides the following supporting facts:

> Ground One: Petitioner's sentence in CRF-88-3965 exceeds the maximum sentence authorized and has been discharged.
> Petitioner's sentence was defined by the state legislature in 1997 as between 18 and 60 years. Petitioner has served over 60 calendar years with his earned credits deducted. Therefore, the state's refusal to comply with this, voids

---

[4] Petitioner provided a copy of the OCCA's decision with his amended petition. Doc. 5 at 10-14. But neither party provided a copy of the state district court's order denying relief. Nonetheless, the Court takes judicial notice of the state district court's order and the Petitioner's post-conviction petition in error and supporting brief, all of which are available as public records. *See* The Oklahoma State Courts Network (OSCN), *Daniels v. State*, No. PC-2016-1175, available at http://www.oscn.net (last visited January 4, 2018); FED. R. EVID. 201; *see also United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

sentence. In Oklahoma, all life sentences were 45 years, and could be discharged in twenty-two and one-half years before 1997, whereas after 1997 its [sic] discharged in 38 years, minus credits. Since 1997 all Oklahoma courts have set 38 years as 85% of a life sentence for parole purposes, thereby setting 45 years as life to discharge them. Definitions cannot be repealed, and in the 1997 truth in sentencing matrix, 57 O.S. § 332.7(A), it specifically states that the definition of life, is not part of the truth in sentencing act, but is used in the classification, and scheduling of crimes under the act. Under the sentencing scheme Petitioner was sentenced under gave him a right to have his credits deducted from his life sentence, when a court or legislature defined life as a number of years. In 1997 the legislature did define 18 to 60 years as life. It's a non-discretionary legislative mandate, and the state trial court's non-discretionary duty was to specify the number of years for this cases's life sentence, based on the facts and circumstance of this case. With credit deductions, Petitioner has discharged his sentence. On May 27, 1994, Oklahoma Governor Walters signed House Bill 1249, into law, creating a non-discretionary duty upon all state courts to retroactively place all prisoners sentenced before 1997, under the 1997 truth in sentencing matrix, and it took immediate emergency effect upon the Governors 1997 signature. The repeal of a statute shall not revive a statute previously repealed, and accrued, vested rights can in no way be denied after a statute is repealed. Pre-1997 parts of a sentence, even if repealed, must still be applied when it benefits a prisoner. Thus, the state court decision was contrary to clearly established Federal law, as determined by the Supreme Court, because it decided Petitioner's case differently than [the Supreme Court] has done on a set of materially indistinguishable facts. The state court decision was not supported by the record.

Ground Two: The State's denial of post-conviction relief violated Petitioner's rights under the equal protection clause.
Similarly situated inmates have been intentionally treated differently by the State, and there is no rational relation between the dissimilar treatment and any legitimate penal interest. The State granted post-conviction relief to a white prisoner on April 14, 2016, but Petitioner who is black, was denied relief on December 2, 2016. Like the white prisoner, Petitioner's post-conviction relief application alleged the identical claims, i.e., that Petitioner's sentence exceeds the maximum sentence authorized by law and has been discharged. (See Ground One above). In fact, Petitioner simply took the white prisoner's post-conviction relief application and removed his name from it and copied the text word-for-word and sent it to the court with Petitioner's name on it. There was no legitimate penal interest for denying Petitioner post-conviction relief. Although the white prisoner was convicted in 1972 while Petitioner was convicted in 1990, the claim for relief in both cases involved pre-1997 life sentences. Loyd Kennedy, a white prisoner, was

> granted post-conviction relief on this claim on April 14, 2016, in Sequoyah County Case No. CRF-72-187, while Petitioner, who is black, was denied post-conviction relief on the identical claim on December 2, 2016. The constitution prohibits the State from discrimination on the basis of a person's race.

*Id.* at 3-5 (footnote omitted). In response to the amended petition, Respondent filed a motion dismiss (Doc. 8). Petitioner filed a response to the motion to dismiss (Doc. 10).

*ANALYSIS*

Respondent moves to dismiss the amended petition for three reasons: (1) Petitioner failed to exhaust administrative remedies as to his claim that he has discharged his sentence, (2) the petition is time barred as to that claim because Petitioner relies on 1997 state legislation to support that claim, and (3) Petitioner has not completed his life sentence. Doc. 8 at 3-7.[5] As to Petitioner's equal protection claim, Respondent contends that Petitioner misreads the order issued by the Sequoyah County District Court and argues that the order does not support Petitioner's claim. *Id.* at 7-8.

**A.      Sentencing claim (Ground One).**

In Ground One of his amended petition, Petitioner claims that his "sentence in CRF-88-3965 exceeds the maximum sentence authorized and has been discharged." Doc. 5 at 3. Respondent first argues that Petitioner failed to exhaust his administrative remedies as to this claim. Doc. 8 at 3-4. In response, Petitioner asserts that he was not required to exhaust administrative remedies because his petition "does not contain any allegations challenging the manner in which petitioner's sentence is being administered by the Oklahoma Department of Corrections." Doc. 10 at 4. Rather,

---

[5]     Respondent's arguments regarding exhaustion and untimeliness do not mention Petitioner's equal protection claim and appear to be directed only to his claim that he has discharged his sentence. *See* Doc. 8 at 3-7.

according to Petitioner, his petition "merely raises issues regarding interpretation and application of state law." *Id.*

Petitioner brings this action under § 2241 which, under Tenth Circuit precedent, is the appropriate procedural vehicle to "attack[] the execution of a sentence rather than its validity." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1041 (10th Cir. 2017); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (explaining that "[p]etitions under § 2241 are used to attack the execution of a sentence" whereas petitions under § 2254 "are used to collaterally attack the validity of a conviction and sentence"). As Respondent argues, "[a] habeas petitioner is 'generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.'" *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2001) (quoting *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)); *see also* 28 U.S.C. § 2254(b)(1)(A) (precluding federal habeas courts from granting relief unless it appears petitioner has exhausted available state remedies). And, in either case, this means that the petitioner must exhaust "both administrative and state court remedies." *Id.*

But, regardless of whether Petitioner failed to exhaust administrative remedies as to his sentencing claim, the Court finds that Petitioner's claim should be denied. *See* § 2254(b)(2) (permitting federal habeas courts to deny habeas relief "notwithstanding the failure of the [petitioner] to exhaust" available state remedies). This Court may only grant habeas relief to a state prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(a), (c)(3); *id.* § 2254(a). As Petitioner admits in his response to the motion to dismiss, his petition—at least as to his claim that he has discharged his sentence—"merely raises issues regarding interpretation and application of state law." Doc. 10 at 4. The crux of Petitioner's claim is that Oklahoma law requires that his life sentence be converted to a term-of-years sentence,

and that in denying his request for post-conviction relief, the state courts either misinterpreted or misapplied Oklahoma law. *See* Doc. 5 at 3-4; Doc. 10 at 5-10. But "[a] federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Eizember v. Trammell*, 803 F.3d 1129, 1145 (10th Cir. 2015) (noting that a federal habeas court's "role on collateral review isn't to second-guess state courts about the application of their own laws but to vindicate federal rights").

Because Petitioner's sentencing claim alleges an error of state law rather than a cognizable federal habeas claim, the Court shall deny habeas relief as to Ground One.[6]

**B.      Equal protection claim (Ground Two)**

In Ground Two of his amended petition, Petitioner claims that he has been denied post-conviction relief in violation of the equal protection clause of the Constitution. Doc. 5 at 5. Although Respondent does not appear to address whether this claim is exhausted, *see* Doc. 8, nothing in the record before the Court suggests that this claim has been presented to the OCCA.[7]

---

[6]     Petitioner asserts, at the end of his "supporting facts" for his sentencing claim, that "the state court decision was contrary to clearly established Federal law, as determined by the Supreme Court, because it decided Petitioner's case differently than [the Supreme Court] has done on a set of materially indistinguishable facts." Doc. 5 at 3-4. However, Petitioner fails to identify any particular federal law or Supreme Court decision that requires Oklahoma courts to convert a life sentence into a term-of-years sentence. *Id.* Petitioner's mere assertion that the state court's decision is contrary to federal law is insufficient to convert his alleged state-law error into a cognizable federal habeas claim. Also, because Petitioner is not entitled to habeas relief on his Ground One claim, the Court declines to address Respondent's alternative argument that this claim is time barred. *See* Doc. 8 at 4-5.

[7]     The Court acknowledges that Petitioner mentioned the Sequoyah County District Court order in his post-conviction appeal brief in Case No. PC-2016-1175. But there Petitioner referenced the order only to support his claim that his life sentence has been discharged under Oklahoma law. *See* Petitioner's Brief, *Daniels v. State*, No. PC-2016-1175, at 4, available at http://www.oscn.net (last visited January 4, 2018). To exhaust a federal habeas claim, a petitioner must present to the state courts both "the facts on which he bases his

Thus, the Court finds that the claim is unexhausted. Nonetheless, the Court shall also deny habeas relief as to this claim pursuant to § 2254(b)(2).

The Fourteenth Amendment's equal protection guarantee "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Petitioner, who states that he is black, contends that he was treated differently than a white prisoner who was granted post-conviction relief on an allegedly identical claim. *See* Doc. 5 at 5; Doc. 10 at 8-9. To support this contention, Petitioner cites the order, entered April 14, 2016, in Sequoyah County District Court, Case No. CRF-1972-187 (Doc. 8-6), granting post-conviction relief to Loyd Kennedy, identified by Petitioner as a white prisoner. *See* Doc 5 at 5. Petitioner asserts that this order "holds that the 1997 definition of life (18 to 60 years) cannot be repealed, and accrued, vested rights, can in no way be denied after a statute is repealed." Doc. 10 at 5. Thus, he argues, the Sequoyah County District Court ruled in his favor when that court granted Kennedy post-conviction relief because his "application [for post-conviction relief] was identical to the one filed by Kennedy." *Id.* at 8-9. And, he further argues, the state's failure to grant him the same relief therefore violates his right to equal protection. *Id.*

The Court has examined the Sequoyah County District Court order and agrees with Respondent that Petitioner's equal protection claim is premised on an extreme misreading of that order. Significantly, the district judge did not address the merits of claims described by Petitioner as identical to those he raised either in his third application for post-conviction relief or in his post-

claim and the constitutional claim itself." *Wilson v. Workman*, 577 F.3d 1284, 1292 (10th Cir. 2009) (en banc), *overruled on other grounds as recognized in Lott v. Trammell*, 705 F.3d 1167 (10th Cir. 2013). Because the Court finds nothing in Petitioner's post-conviction appeal brief that would have alerted the OCCA that he was relying on the Sequoyah County District Court order to assert an equal protection claim, this claim is unexhausted.

7

conviction appeal. *See* Doc. 8-6; Doc. 10, 6-8. Instead, the district judge ruled that "[d]ue to health, age and number of years served by Defendant [Kennedy], the Court grants Defendant's Post Conviction Relief and/or Defendant's Motion to Modify Sentence and hereby sentences Defendant to time already served in the Oklahoma Department of Corrections." *See* Doc. 8-6.

Because the Sequoyah County District Court order clearly does not support Petitioner's assertion of an equal protection violation, the Court shall deny habeas relief on Ground Two.

## Certificate of Appealability

When a district court issues a final order in a habeas proceeding that is adverse to the petitioner, "the district court must issue or deny a certificate of appealability." Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*. A district court may issue a certificate of appealability "only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the district court denied a constitutional claim on the merits, the petitioner can satisfy that standard by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claim[] debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's rulings are debatable among jurists or that the procedural ruling resulting in the denial of relief is debatable or incorrect. Thus, a certificate of appealability shall be denied.

**ACCORDINGLY IT IS HEREBY ORDERED that:**

1. The original petition for writ of habeas corpus (Doc. 1) is **declared moot**.

2. The amended petition for writ of habeas corpus (Doc. 5) is **denied**.

3. Respondent's motion to dismiss (Doc. 8) is **declared moot**.

4. A separate judgment shall be entered in this matter.


**DATED** this 8th day of January, 2018.

*Terence Kern*
**TERENCE KERN**
**United States District Judge**